### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| **DALIA ARREOLA,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **JURY DEMANDED** |
| **ZAPATA COUNTY, TEXAS and** | § | |
| **COMMISSIONERS COURT OF** | § | |
| **ZAPATA COUNTY, TEXAS,** | § | |
| **Defendants** | | |

## PLAINTIFF, DALIA ARREOLA'S ORIGINAL COMPLAINT

Dalia Arreola, Plaintiff ["Plaintiff" or "Arreola"] complains of Zapata County, Texas and Commissioners Court of Zapata County Texas alleging and stating her claims for relief as follows:

## I.
## NATURE OF THIS ACTION, JURISDICTION, AND VENUE

1. This is an action brought by Plaintiff, a former employee of Zapata County, in order to redress a deprivation of those rights secured to her under the Constitution and Laws of the United States.in general and, §§ 703 and 704 of the 1964 Civil Rights Act codified in 42 U.S.C.§§ 2000e-2(a)(l) & 2000-e-3(a) ["Title VII"] and the Age Discrimination in Employment Act of 1967 codified in 29 U.S.C. §§ 621-634 ["ADEA"].

2. Plaintiff invokes the Jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 1343, 29 U.S.C 626 (c) & 42 U.S.C. § 2000e-5(f).

3. Venue of Plaintiff s claims in the Laredo Division of the Southern District of Texas is prescribed by 28 U.S.C. §1391 and 42 U.S.C. §2000e-5 (f).

4. Pursuant to 28 U.S.C. §1367, Plaintiff invokes the supplemental jurisdiction of this Court to adjudicate her state claims arising under Chapters 21 the Texas Labor Code because those claims are so related to claims in the Federal action within the original jurisdiction of this Court under the above cited statutes that they form part of the same case or controversy under Article III of the United States Constitution.

## II.
## THE PARTIES

5. Plaintiff, Dalia Arreola is an adult female citizen of the United States and the State of Texas who resides in Zapata County.

6. At all times relevant to this complaint, Plaintiff was over 40 years of age.

7. At all times relevant to this complaint Plaintiff was an "employee" of an "employer" as defined in Title VII and the ADEA.

8. Defendant, Zapata County, Texas ['County"]is a local governmental body politic created and existing under the Constitution and Laws of the State of Texas, and,

with respect to the Plaintiff's employment and the terms and privileges thereof acts through its Commissioners Court, the entity's governing body

9. Commissioners Court is the policymaking body of Zapata County, Texas which creates allots and funds positions held by Plaintiff and other employees in Zapata County and is an "employer" of the Plaintiff within the meaning of the ADEA as well as Title VII of the 1964 Civil Rights Act and Chapter 21 of the Texas Labor Code.

10. Commissioners Court is made a party to this action in order to afford the Plaintiff the equitable and monetary relief to which she is entitled from Zapata County by virtue of the  unlawful actions detailed below

11. Both the County and The Commissioners Court thereof may be served with process through Joe Rathmell, the County Judge at 200 E. 7th Avenue, Ste. 115, Zapata, TX 78076.

12. At all times set out below, the County and its Commissioners Court were Plaintiff's "employer" under Title VII of the 1964 Civil Rights Act and the Age Discrimination in Employment Act of 1967.

## III.
## FIRST CLAIM FOR RELIEF-ADEA

13. Arreola's date of birth is March 25, 1956.

14. Plaintiff was initially employed Defendants as an Office Clerk in April of 1986 as an Office Clerk in the County's Maintenance Department.

15. By way of background, County Employees who are not selected/hired by elected *vis a vis* appointed county officials, are selected/hired by the County's Commissioners Court.[1]

16. Thereafter, that governing body sets the salary of each employee of a County Department headed by a non-elected/appointed official from a County budget set by the Commissioners Court.

17. Arreola's initial rate of pay in her initial position was the federally mandated minimum wage.

18. Due to her competence in her duties Arreola received a raises in her wages.

19. During her tenure of employment, younger employees with less experience were hired by the Defendants to perform the same or similar duties at a higher wage than that of the Plaintiff.

20. During her tenure of employment, male employees with less experience were hired by the Defendants to perform the same or similar duties as plaintiff at a higher wage than that of the Plaintiff.

---

[1] In Contrast, employees of County departments headed by an elected official are selected by that official who, by law is granted the authority to hire or terminate the employee. The employee's compensation for the budgeted position is set by the Commissioners court.

21. During her tenure of employment with Defendants, Plaintiff performed her duties with Defendants loyally and competently.

22. Plaintiff's work history with Defendants is devoid of any adverse actions.

23. Together with her wage increases, Arreola was last classified by the County and Commissioners Court as an administrative assistant.

24. Notwithstanding her work history and her competence at her duties and her reclassification, Plaintiff was terminated from her job position at the County by the Commissioners court on September 30, 2015, ostensibly due to budgetary constraints.

25. Similarly situated male employees including, but not limited to Luis Cuellar and Manuel Medrano, slated for termination by the Commissioners Court, were either retained or, if terminated, reinstated to their former position or a position with the same or similar duties.

26. Enoch Lopez, one male employee with less tenure than Plaintiff was either retained or reinstated and given a $2.00 per hour wage increase.

27. Similarly situated employees who were younger than Arreola and, like her, were slated for termination by the Commissioners Court were either retained or, if terminated, reinstated to their former position or a position with the same or similar duties.

And Zapata County Commissioners
United States District Court-S.D. Texas Laredo Div.
Plaintiff's Original Complaint
Page 5 of 10

28. These employees include but are not limited to: Gigi Riojas, 35 yrs of age; Dubelza Orengo 50 years of age; Noemi Elizondo 48-50 years of age; Myrna Bustamante 45-49 years of age; and Mirta Medina 55-56 years of age.

29. Subsequent to her termination/layoff, all or part of the job duties performed by the Plaintiff were assigned to other employees of the county including those persons identified in ¶¶ 25, 26 and 28 above.

30. Plaintiff's age was a factor in the Defendants decision to terminate her employment in contravention of 29 U.S.C. § 623(a) (1).

31. As a proximate result of Defendants unlawful actions specified above, Plaintiff has suffered economic injuries consisting of back pay, and front pay at the hourly rate set for younger employees who were retained or rehired into their former positions at the county or performed substantially the same duties as the Plaintiff.

32. Defendant's unlawful actions, as specified above were 'wilful' as that term is defined by The Fair Labor Standards Act and decisional case authority entitling Plaintiff to liquidated damages in the maximum amount allowed by law.

33. On or about January 5, 2016, Plaintiff dual filed her administrative charge complaining of unlawful age and sex discrimination under the ADEA and

Title VII with the United States Equal Employment Opportunity Commission and the Texas Workforce Commission –Civil Rights Division.

34. Plaintiff received her notice of the termination of proceedings before the United States Equal Employment Opportunity Commission on or about July 2, 2016.

35. In order to protect and vindicate her rights under the ADEA and Title VII, it became necessary for the Plaintiff to engage and retain the undersigned attorney to prepare and prosecute this action. Accordingly Plaintiff requests that she be awarded her costs of Court as well as reasonable attorney's fees as an incident thereof.

## IV.
## SECOND CLAIM FOR RELIEF-TITLE VII

36. Plaintiff realleges and reasserts the facts averments and denials set forth in¶¶ 1-25, 29, & 33-35 above.

37. Plaintiff's sex, female, was an impermissible factor in the Defendants decision to terminate her employment in contravention of 42 U.S.C. § 2000e-2(a).

38. As a proximate result of Defendants unlawful actions specified above, Plaintiff has suffered economic injuries and damages consisting of back pay, and front pay at the hourly rate set for younger employees who were

retained or rehired into their former positions at the County or performed substantially the same duties as the Plaintiff.

39. As a further proximate result of Defendants unlawful actions specified above, Plaintiff has suffered economic injuries and damages consisting of the loss of enjoyment of life.

40. Defendant's unlawful actions, as specified above were intentional and/or malicious as those terms are defined by Title VII including the 1991 Amendments thereto under 42 U.S.C §1981a and decisional case authority entitling Plaintiff to liquidated damages in the maximum amount allowed by law.

41. On or about January 5, 2016, Plaintiff dual filed her administrative charge complaining of unlawful age and sex discrimination under the ADEA and Title VII with the United States Equal Employment Opportunity Commission and the Texas Workforce Commission –Civil Rights Division.

42. Plaintiff received her notice of the termination of proceedings before the United States Equal Employment Opportunity Commission on or about July 2, 2016.

43. In order to protect and vindicate her rights under the ADEA and Title VII, it became necessary for the Plaintiff to engage and retain the undersigned

attorney to prepare and prosecute this action.   Accordingly Plaintiff requests that she be awarded her costs of Court as well as reasonable attorney's fees as an incident thereof.

## V.
## SUPPLEMENTAL STATE CLAIMS-CHAPTER 21 TEXAS LABOR CODE

44. Plaintiff realleges and reasserts the facts averments and denials set forth in ¶¶ 1-43 above.

45. Defendants actions in laying off terminating and refusing to rehire Plaintiff on the same basis as similarly situated employees of less age and a different gender are in contravention of § 21.051 of the Texas Labor Code..

## PRAYER

Plaintiff prays that the Defendants and each of them be cited to appear and give their answer and, that upon a trial of this action she recover her damages together with the equitable relief requested as specified above as well as  with her costs of Court and reasonable attorney's fees

Plaintiff prays for general relief.

Respectfully submitted,

/s/

_____

Murray E. Malakoff
Texas Bar No.12853700
Federal Admission ID 5762
104 E. Calton Rd.-Ste 121
Laredo, Texas  78041
Tel. (956) 795-1007
Fax. (956) 795-1008
malakoff@malakofflaw.com